# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KEITH LUMRY,** | ) |
| | ) |
|          **Plaintiff,** | ) |
| | )    **CIVIL ACTION** |
| v. | ) |
| | )    **No. 09-2587-KHV** |
| **STATE OF KANSAS, KANSAS BUREAU** | ) |
| **OF INVESTIGATION and KELLY** | ) |
| **RALSTON,** | ) |
| | ) |
|          **Defendants** | ) |

## MEMORANDUM AND ORDER

Plaintiff brings suit against the State of Kansas, the Kansas Bureau of Investigation and Kelly Ralston in his individual capacity. Plaintiff alleges that defendants violated his rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"), the First Amendment and 42 U.S.C. § 1983. This matter comes before the Court on Defendants' Motion To Dismiss (Doc. #19) filed April 19, 2010. For reasons stated below, the Court sustains defendants' motion.

## Factual Background

Plaintiff's amended complaint alleges the following facts:

Beginning in October of 2001, plaintiff worked as a Special Agent for the Kansas Bureau of Investigation ("KBI"). In late 2006, the KBI promoted plaintiff to a Senior Special Agent. In June of 2008, the KBI terminated plaintiff's employment.

During his employment, plaintiff notified Kelly Ralston (his supervisor) and other KBI employees of safety issues facing undercover officers. In January of 2008, plaintiff notified Ralston that he was no longer willing to work the extra ten to 15 hours of weekly uncompensated overtime that had become customary. In January of 2008, plaintiff attended a KBI briefing regarding an upcoming

operation. During the meeting, plaintiff and other agents convinced Special Agent Clint Hawkins to call Ralston about the issue of unpaid overtime. Ralston acknowledged that the budget did not include overtime but that the officers should proceed with the operation anyway.

In April of 2008, plaintiff expressed safety concerns to Hawkins regarding improper documentation of cases and safety issues regarding informants and "targets." Plaintiff also met with supervisory agent Randy Ewy regarding plaintiff's timesheets.

On May 15, 2008, plaintiff sent a memorandum to Ralston regarding use of confidential informants and implementation of certain operations. On May 23, 2008, KBI placed plaintiff on administrative leave. On June 6, 2008, Assistant Director Larry Thomas gave plaintiff a letter which proposed that the KBI terminate his employment. Plaintiff received a letter on June 23, 2008 which informed him that effective the following day his employment with the KBI was terminated.[1] Plaintiff alleges that the State of Kansas and KBI discharged him in violation of the FLSA, and that all three defendants retaliated in violation of 42 U.S.C. § 1983 by terminating his employment after he exercised his First Amendment right to free speech. Defendants seek to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.

## Legal Standards

**I.   Rule 12(b)(1) Dismissal**

Rule 12(b)(1), Fed. R. Civ. P., governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing

---

[1] Plaintiff does not state the reason(s), if any, the KBI gave him for placing him on administrative leave or for terminating his employment.

Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the complaint as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Here, defendant's motion to dismiss is a facial challenge and the Court need not consider evidence outside the complaint. Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm's, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

**II.    Rule 12(b)(6) Dismissal**

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.;

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for it to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully; it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged-but not "shown"-that the pleader is entitled to relief. Id. at 1950.

## Analysis

**I.     Claims Under The Fair Labor Standards Act (Count I)**

The State of Kansas and the KBI argue that the Court lacks subject matter jurisdiction over plaintiff's FLSA claim because they are entitled to sovereign immunity under the Eleventh Amendment. Plaintiff responds by arguing that the FLSA abrogates state sovereign immunity or, in the alternative, that defendants have constructively waived their immunity by acting as an employer and receiving federal funds.

The Eleventh Amendment doctrine of sovereign immunity provides that states may not be sued by private individuals in federal court unless (1) the state consents to suit; (2) Congress expressly abrogates the state's immunity pursuant to a valid exercise of power; or (3) the citizen sues a state

official pursuant to Ex Parte Young, 209 U.S. 123 (1908).[2] Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006) (citing Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); J.B. ex rel Hart v. Valdez, 186 F.3d 1280, 1286 (10th Cir. 1999)). Sovereign immunity bars suits against states and their agencies for monetary and injunctive relief, see Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998), and suits for money damages against state officials in their official capacities, see Ely v. Hill, 35 Fed. Appx. 761, 764 (10th Cir. 2002). A valid claim of sovereign immunity strips the district court of subject matter jurisdiction, Kikumura v. Osagie, 461 F.3d 1269, 1299 (10th Cir. 2006); Harrell v. United States, 443 F.3d 1231, 1234 (10th Cir. 2006), including both diversity jurisdiction and federal question jurisdiction, LaFavre v. Kansas, 6 Fed. Appx. 799, 802 (10th Cir. 2001).

Generally, a state consents to suit by voluntarily invoking, or clearly declaring intent to subject itself to, federal court jurisdiction. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76 (1999).[3] A state's declaration to subject itself to federal jurisdiction requires the "most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974). A state cannot constructively waive its Eleventh Amendment protections. See Coll. Sav. Bank, 527 U.S. at 680.

The Tenth Circuit has addressed sovereign immunity under the wage and overtime provisions of the FLSA. Aaron v. State of Kan., 115 F.3d 813 (10th Cir. 1997). In Aaron, KBI agents, highway

---

[2] In Ex Parte Young, the Supreme Court held that a state officer can be sued in federal court to prevent enforcement of an unconstitutional state law. 209 U.S. at 155-59. For Eleventh Amendment purposes, sovereign immunity does not apply where a private party sues a state officer for prospective injunctive or declaratory relief from an ongoing violation of the Constitution or federal laws. Robinson v. Kansas, 295 F.3d 1183, 1188 (10th Cir. 2002).

[3] A state may also invoke federal court jurisdiction by removing a case to federal court. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613 (2002).

-5-

patrol troopers and conservation officers brought wage and overtime claims under the FLSA. 115 F.3d at 814. The Tenth Circuit held that in its attempt to abrogate state sovereignty with regard to these FLSA claims, Congress had acted pursuant to the interstate commerce clause rather than Section 5 of the Fourteenth Amendment and that as a result, it had not properly abrogated the Eleventh Amendment immunity of the State of Kansas. Id. at 815-16.[4]

The State of Kansas is clearly entitled to sovereign immunity. The KBI is an arm of the state and is also entitled to sovereign immunity. See generally Ysursa v. Pocatello Educ. Ass'n, 129 S. Ct. 1093, 1107 (2009); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1560 (10th Cir. 1992). The KBI operates under the direction of the state's Attorney General, K.S.A. § 75-711, who is an executive officer of the state. Kan. Const. art 1, § 1. Plaintiff has not alleged facts which suggest that the KBI is anything but an arm of the state. The Court therefore lacks subject matter jurisdiction over plaintiff's claims against the State of Kansas and the Kansas Bureau of Investigation. Accordingly, the Court dismisses plaintiff's FLSA claims against the State of Kansas and the KBI.

**II.    Section 1983 Claims (Count II)**

Plaintiff alleges that defendants retaliated in violation of 42 U.S.C. § 1983 by terminating his employment because he exercised his First Amendment right to free speech. The State of Kansas and the KBI seek to dismiss plaintiff's claims on the grounds of Eleventh Amendment immunity. Ralston

---

[4] Plaintiff cites a dissenting opinion from the Fourth Circuit arguing that Congress could have passed the FLSA pursuant to Section 5 of the Fourteenth Amendment because "fair pay" is a privilege of state citizenship, therefore falling within the privileges and immunities clause. Abril v. Virginia, 145 F.3d 182, 194 (4th Cir. 1998) (Butzner, J., dissenting). This lone dissent, however, does not override the Tenth Circuit's clear ruling that the FLSA does not abrogate state immunity in regard to overtime hours. Aaron, 115 F.3d 813.

seeks to dismiss because he did not personally participate in the alleged violation of plaintiff's rights. Plaintiff responds that the State's immunity does not extend to suits for prospective relief, and that he has plead sufficient facts to state a claim against Ralston for violating his rights under the First Amendment.

### A.     Claims Against State Of Kansas And KBI

Section 1983 provides relief against any person who, under color of state law, deprives another of his constitutional rights. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). In Section 1983 suits for damages, however, a "person" does not include a State or its officers acting in their official capacities. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). To effectively enjoin a state or its agencies, a plaintiff must sue a state official in his official capacity pursuant to Ex Parte Young, 209 U.S. 123 (1908).

Plaintiff sued the State of Kansas, the KBI and Ralston in his "individual or personal capacity, and not in his official capacity." Because the Court does not have subject matter jurisdiction over claims against the State of Kansas and the KBI, and plaintiff has not sued a state official in his official capacity, the Court must dismiss plaintiff's Section 1983 claims against the State of Kansas and the KBI for lack of jurisdiction.

### B.     Claim Against Ralston

To state a claim against an individual under Section 1983, plaintiff must allege defendant's direct personal responsibility for the claimed deprivation of a constitutional right. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). Personal participation is an essential allegation in a Section 1983 claim, and "[f]ailure to allege that a government official was personally involved in violating a plaintiff's constitutional rights is fatal to [such] claim." Treff v. Barnes, 91 F.3d 160 (Table), 1996 WL

378857, at *1 (10th Cir. July 8, 1996) (citing Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)).  Conclusory allegations of personal participation are insufficient to warrant liability.  Monroe v. Myers, No. 05-cv-00351-WYD-MEH, 2006 WL 2361812, at *10 (D. Colo. Aug. 15, 2006) (citing Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)); see also Gadlin v. Watkins, 93 Fed. Appx. 204, 207 (10th Cir. 2004) (plaintiff must allege with specificity facts supporting asserted constitutional violation).

Where defendant is a supervisor, plaintiff must allege that defendant "personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996).  Inaction may suffice to establish acquiescence by a supervisor in a constitutional violation.  Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1153 (10th Cir. 2006) (tacit authorization of offending acts creates affirmative link to establish supervisor liability); Sellers v. Butler, No. 02-3055-DJW, 2005 WL 713571, at *8 (D. Kan. Mar. 29, 2005) (citing Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)) (inaction may demonstrate acquiescence under Section 1983).

Plaintiff's complaint cites one affirmative act by Ralston: a phone conversation with Special Agent Hawkins where Ralston acknowledged budgetary restrictions on overtime pay but ordered the agents to continue the operation as planned.  The remaining facts concerning Ralston merely allege that he received plaintiff's complaints about overtime pay and safety issues.  Plaintiff does not allege that Ralston was involved in the decision to put plaintiff on administrative leave or the decision to terminate his employment.  Plaintiff does not allege who at the KBI placed him on administrative leave.  While adverse employment action closely following protected conduct may implicate a defendant, see Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999), plaintiff must nevertheless allege that Ralston had at least *some* participation in the alleged unconstitutional acts.  The timing of the complaint

-8-

to Ralston is insufficient to allege that Ralston personally participated in the decisions which were adverse to plaintiff. Plaintiff's argument, in his response brief, that Ralston "set into motion" the suspension and termination is conclusory and is unsupported by facts alleged in the complaint.[5] Because the complaint does not allege personal participation by Ralston, the Court dismisses plaintiff's Section 1983 claim for failure to state a claim upon which relief may be granted.

### III. Leave To Amend Complaint

In response to defendants' motion to dismiss, plaintiff seeks leave to amend his complaint to add additional allegations which implicate Ralston. Plaintiff's request for leave to amend does not comply with D. Kan. Rule 15.1, which requires that a motion for leave to amend attach the proposed pleading and "set forth a concise statement of the amendment." The Court therefore overrules plaintiff's motion for leave to amend.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss (Doc. #19) filed April 19, 2010 be and hereby is **SUSTAINED**.

Dated this 13th day of July, 2010 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  Kathryn H. Vratil
                                                  United States District Judge

---

[5] Plaintiff also does not allege that Ralston knew of or acquiesced in any alleged retaliation so as to create an affirmative link sufficient to establish supervisor liability.